UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BMG MUSIC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 04-CV-650 |
| ) | |
| DOES 1-203, ) | |
| ) | |
| Defendants. ) | |

MOTION OF
PUBLIC CITIZEN, AMERICAN CIVIL LIBERTIES UNION, AND
ELECTRONIC FRONTIER FOUNDATION,
AND ACLU OF PENNSYLVANIA
FOR LEAVE TO FILE MEMORANDUM AS AMICI CURIAE
ADDRESSING MOTION FOR EXPEDITED DISCOVERY

Public Citizen, the American Civil Liberties Union, the Electronic Frontier Foundation, and the ACLU of Pennsylvania move the Court to grant them leave to file the accompanying memorandum addressing the pending ex parte motion for expedited discovery.

1. This is an action for copyright infringement in which 18 music companies seek injunctive relief, damages, and fees and costs against 203 anonymous and completely unrelated individuals. Plaintiffs allege that defendants have displayed certain data files on their personal computers, containing copyrighted musical performances, to the general public over the Internet, in a manner that enables the public to download those files to their own computers. Plaintiffs have moved the Court, ex parte, for leave to take discovery to identify the anonymous defendants so that they can be served with summonses.

2. Public Citizen is a public interest organization based in Washington, D.C., which has approximately 165,000 members. Since its founding in 1971, Public Citizen has urged citizens to speak out against abuses by a variety of large institutions, including corporations, government

agencies, and unions, and it has advocated a variety of protections for the rights of consumers, citizens, and employees to encourage them to do so.  Along with its efforts to encourage public participation, Public Citizen has brought and defended numerous cases involving the First Amendment rights of citizens who participate in public debates.   Public Citizen has been in the forefront of the development of the law to protect the right to speak anonymously on the Internet and to develop standards for determining when the right to speak anonymously should yield to a plaintiff's claimed right to identify a potential defendant in litigation.  Public Citizen has represented Doe defendants or appeared as amicus curiae in numerous cases in which subpoenas have been sought to identify anonymous Internet users.  *Northwest Airlines v. Teamsters Local 2000*, No. 00-08DWF/AJB (D. Minn.); *Hollis-Eden Pharmaceutical Corp. v. Doe*, Case No. GIC 759462 (Cal. Super. San Diego Cy.); *iXL Enterprises v. Doe, No.* 2000CV30567 (Ga. Super. Fulton Cy.); *Thomas & Betts v. John Does 1 to 50*, Case No. GIC 748128 (Cal. Super. San Diego Cy.); *Hritz v. Doe,* C-1-00-835 (S.D. Ohio); *WRNN TV Associates v. Doe*, CV-00-0181990S (Conn. Super. Stamford); *Dendrite v. Doe*, 342 N.J. Super. 134, 775 A.2d 756 (N.J.App. 2001); *Donato v. Moldow*, No. BER-L-6214-01 (N.J. Super. Bergen Cy.); *Equidyne Corp. v. John Doe No. 9*, No. 03-1671 (3d Cir.);  *Melvin v. Doe*, 836 A.2d 42 (Pa. 2003); *RIAA v. Verizon Internet Services*, 351 F.3d 1229 (D.C. Cir. 2003).

Electronic Frontier Foundation ("EFF") is a nonprofit public interest organization dedicated to protecting civil liberties and free expression in the digital world.  Founded in 1990, EFF has over 11,000 paying members and represents the interests of Internet users in court cases and in the broader policy debates surrounding the application of law in the digital age.   EFF publishes a comprehensive archive of digital civil liberties information at one of the most linked-to websites in

the world, <http://www.eff.org>.  EFF has handled cases involving the protection of anonymous speech online in a wide variety of contexts.

The American Civil Liberties Union ("ACLU") is a nationwide, nonprofit, nonpartisan organization with approximately 400,000 members dedicated to the principles of liberty and equality embodied in the U.S. Constitution.  The protection of principles of freedom of expression as guaranteed by the First Amendment is an area of special concern to the ACLU.  In this connection, the ACLU has been at the forefront in numerous state and federal cases involving freedom of expression on the Internet.  The ACLU has also been involved in numerous cases raising issues of due process and the right to anonymous speech.

The ACLU of Pennsylvania is the local affiliate of the ACLU.  Like the national ACLU, the ACLU of Pennsylvania is frequently involved in cases raising issues of freedom of expression and due process.

3.  Because the Doe defendants have not yet been served, no person has had the opportunity to argue for their interests in this proceeding.  Amici do not represent any of the Does in this case; nor do they aspire to do so.  However, amici seek leave to file this brief to argue that, notwithstanding the serious violations of law alleged in the complaint, plaintiffs have not made a sufficient factual showing to warrant discovery into the identities of persons who have communicated anonymously over the Internet, including a showing that there is personal jurisdiction of each of the 203 defendants.  Moreover, there are serious concerns about whether all 203 defendants are properly joined in one action, particularly in light of the fact that, in justifying discovery, plaintiffs have made a factual showing with respect to three defendants but present no evidence to support identification of the other 196 individuals.  Finally, we argue that, in the event

some discovery is allowed, certain additional conditions should be imposed.

4. Amici have made similar arguments in three other cases that music companies have filed in the past month. In the one case in which the court received amici's motion before the ex parte motion was granted, *UMG Recordings v. Does 1-199*, No. 04-00093 CKK (DDC), the Court gave amici a short time to file their brief, received a response from plaintiffs, and is currently considering whether to authorize subpoenas. In two other cases, *SONY Music Entertainment v. Does 1-40*, 1:04-cv-00473-DC (SDNY), and *Warner Bros. v. Does 1-43*, Case No. 1:04-cv-00476 JES (SDNY), both courts had **already** authorized subpoenas before they learned that amici had concerns to express. At that juncture, rather than attempt to undo the effect of its previous orders, each court indicated that it would consider such arguments in the context of a subpoena enforcement proceeding. Because the Court has not yet authorized discovery, the Court is urged to grant leave to file this memorandum and give plaintiffs an opportunity to respond before deciding whether to authorize discovery.

5. Undersigned counsel Cindy A. Cohn has asked the consent of plaintiffs' counsel Vincent Carissimi. Mr. Carissimi has not yet responded to this request.

## CONCLUSION

The motion for leave to file as amici curiae should be granted.

Respectfully submitted,

Paul Alan Levy
Charlotte Garden

Public Citizen Litigation Group
1600 - 20th Street, N.W.
Washington, D.C. 20009
(202) 588-1000

(202) 588-7795 (fax)

Attorneys for Public Citizen

Cindy A. Cohn
Wendy Seltzer

  454 Shotwell Street
  San Francisco, CA 94110
  Telephone: (415) 436-9333
  Facsimile:  (415) 436-9993

Attorneys for Electronic Frontier Foundation

Christopher A. Hansen
Aden J. Fine

  18th Floor
  125 Broad Street
  New York, New York 100004
  (212) 549-2500

Attorneys for American Civil Liberties Union

_____
Malia N. Brink, Associate Counsel of Record
PA Bar # 86749
Signature Verification Code:  MB893

  P.O. Box 1161
  Philadelphia, PA 19105
  (215) 592-1513 ext. 119
  (215) 592-1343 (fax)

Attorney for ACLU of Pennsylvania

February 23, 2004