## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BMG MUSIC, *et al.*,                   :

       Plaintiffs,                   :          CIVIL ACTION

       v.                              :          NO. 04-650

DOES 1-203,                            :

       Defendants.                   :

## O R D E R

AND NOW, this _____ day of _____, 2004, upon consideration of Plaintiffs' Motion for Reconsideration, it is hereby **ORDERED** that the Plaintiffs' Motion is **GRANTED**, the Court's Orders of March 5, 2004 are hereby **VACATED**. Plaintiffs are hereby **GRANTED** leave to serve immediate discovery on Comcast to obtain the identity of each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

      **IT IS FURTHER ORDERED THAT** any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

      This Order does not prejudice Comcast's ability to seek a protective order or to take other actions as are appropriate, nor does it prejudice the right of any defendant to move the Court for an Order severing the claims asserted against such defendant.

      AND IT IS SO ORDERED.


_____
Clarence C. Newcomer, S.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BMG MUSIC, *et al.*,                          :
                                              :
                Plaintiffs,                   :        CIVIL ACTION
                                              :
        v.                                    :        NO.  04-650
                                              :
DOES 1-203,                                   :
                                              :
                Defendants.                   :

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs, pursuant to Local Rule 7.1(g), move this Court for an Order

reconsidering and vacating its Orders of March 5, 2004 and granting Plaintiffs leave to serve

immediate discovery on Comcast to obtain the identities of the 203 Doe defendants.  In support

of their motion, Plaintiffs submit the accompanying Memorandum of Law.

                                    Respectfully submitted,

Of counsel:                         _____
                                    Vincent V. Carissimi
Donald B. Verrilli, Jr.             Barbara L. Delaney
Thomas J. Perrelli                  PEPPER HAMILTON LLP
JENNER & BLOCK LLP                  3000 Two Logan Square
601 Thirteenth Street, NW           Eighteenth & Arch Streets
Washington, DC  20005-3823          Philadelphia, PA  19103-2799
(202) 639-6000                      (215) 981-4000


Dated: March 12, 2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BMG MUSIC, *et al.*,                            :
                                                :
        Plaintiffs,            :       CIVIL ACTION
                                                :
   v.                                       :       NO.  04-650
                                                :
DOES 1-203,                                     :
                                                :
        Defendants.            :

## PLAINTIFFS' MEMORANDUM OF LAW IN
## SUPPORT OF THEIR MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.1(g), Plaintiffs respectfully request that the Court reconsider its Orders of March 5, 2004, severing this case into 203 separate actions.  For the reasons set forth below, reserving judgment on the question of joinder until after Plaintiffs have obtained the Defendants' identities from Comcast is more consistent with Fed. R. Civ. P. 1's directive that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action" and with the Supreme Court's command that courts entertain "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  Deferring the question of severance will promote judicial efficiency, reduce costs, and will not prejudice any Defendant.  This Court will have the opportunity to revisit the question of joinder once Defendants are served and can address any lingering concerns it may have at that time. Fed. R. Civ. P. 20(b); 42(b).

As set forth in Plaintiffs' previous filings in this Court, Plaintiffs have determined that Defendants are disseminating copyrighted works without authorization over a peer-to-peer network, but Plaintiffs cannot ascertain Defendants' names, addresses or other contact information.  Only the Defendants' Internet Service Provider ("ISP") – Comcast – has access to

that information.  At this stage in the proceedings, Plaintiffs seek only to serve a subpoena on

Comcast in order to learn the identities of the 203 Defendants.  As another court recently

observed in a parallel lawsuit, "[i]n order to get this case moving, Defendants must be identified,

and Plaintiffs' request for expedited discovery is reasonably tailored to achieve this goal."

Order, *Motown Record Co., L.P. v. Does 1-252*, No. 1:04-CV-439-WBH, at 3 (N.D. Ga. Mar. 1,

2004) (Hunt, J.) (attached as Exhibit A).

Allowing such limited discovery to proceed without severing the claims would

promote judicial economy and would not subject the Doe Defendants to any prejudice.  In

issuing its Order, this Court nevertheless expressed concern that Plaintiffs' claims against the

203 Defendants might cause confusion if presented to a jury in a single trial.  Order ¶ 3.

Plaintiffs believe that concern is unfounded.  Indeed, for numerous reasons, there is no likelihood

that this case will be presented to a jury in that form:

*First*, as noted above, at this time Plaintiffs do not know where each Defendant

resides.  After Comcast discloses that information in response to a subpoena, Plaintiffs will

determine whether it is more appropriate to pursue action against each Defendant in this

jurisdiction or in another forum.  If Plaintiffs pursue claims against some Defendants in other

fora, those Defendants will be dismissed from this case, thereby reducing the number of

Defendants in this jurisdiction.

*Second*, if Plaintiffs litigate their claims against more than one Defendant in this

jurisdiction, the Court could re-consider severance at that time.[1]  Allowing Plaintiffs to serve a

---

[1] Plaintiffs have made clear that they have no objection with the Court directing Comcast to provide notice to Defendants within 7 days of service of the subpoena, or with the Court providing Defendants 15 business days from the date of service of the subpoena to file a motion to quash.  *See* Plaintiffs' Opp. to Mot. of Public Citizen et al. for Leave to File Mem. as *Amici Curiae* Addressing Mot. for Expedited Discovery ("Plaintiffs' Opp. to *Amici*") at 17.  Defendants will therefore have an opportunity to move to quash the subpoena.

subpoena on Comcast seeking the identities of all of the Defendants as part of this action will not prejudice Defendants' ability to raise severance or the Court's authority to re-consider the issue at a later date. *See, e.g.,* 4 *Moore's Federal Practice*, § 20.09, at 20-58 (3d ed. 2003) ("Any party may move for a separate trial, or the court may order it on its own motion. The court's discretionary authority to order separate trials eliminates all reasonable objections to the liberal joinder provisions of Rule 20.").

        *Third*, past experience indicates that a substantial number of Defendants, once they are notified of the allegations and are aware of the strength of Plaintiffs' evidence, are likely to seek a speedy resolution of Plaintiffs' claims. Plaintiffs are fully prepared to enter into good faith negotiations with Defendants to achieve fair settlement. The claims against these Defendants would thus be resolved without the need for any further litigation, which would again reduce the number of Defendants.

        Indeed, by reserving the question of joinder until a later stage in the litigation when there are far fewer than 203 Defendants in the case, this Court could resolve the question with the benefit of knowing (i) the identities and geographic locations of the remaining Defendants, (ii) whether and to what extent Plaintiffs' claims against the different Defendants actually would involve "separate witnesses, different evidence, and different legal theories and defenses," Order ¶ 3, and (iii) whether the remaining Defendants prefer the claims to proceed separately or in a single lawsuit.

        For all of these reasons, there is no danger of the kind of confusion that concerns the Court. Indeed, severing the claims now could lead to far more confusion through inconsistent rulings within this District. Plaintiffs would have to file 203 complaints, which would be randomly assigned to the 35 judges in this district. Order ¶ 6. Those judges might

issue conflicting rulings on Plaintiffs' motions to take immediate discovery, which would require Comcast to comply with 35 different rulings regarding 203 different subpoenas.

Finally, even if there was no threat of conflicting rulings, severance at this stage will impose a massive burden on Plaintiffs and on the judges of this Court with no concomitant benefit to any party or the Court. Indeed, reserving the question of joinder does not prejudice Defendants in any way.

Several courts in similar copyright infringement cases have deferred questions of joinder until after Defendants have been notified and identified. Three courts in New York and one in New Jersey granted Plaintiffs' motions for expedited discovery and deferred litigation of other issues. *See* Plaintiffs' Opp. to *Amici* at 1-2 & n.2 (citing cases). Within the last two weeks, two courts in Georgia and another in the District of Columbia adopted the same approach, expressly reserving joinder issues for a later stage in the litigation. *See* Order, *Motown Record Co., L.P. v. Does 1-252*, No. 1:04-CV-439-WBH, at 3 (N.D. Ga. Mar. 1, 2004) (Hunt, J.) (holding that "procedural issues identified by *amici* [including joinder] can be resolved in the ordinary course of this litigation at the appropriate time") (attached as Exhibit A); Order, *Virgin Records Am., Inc. v. Does 1-44*, No. 1:04-CV-0438-CC, at 2-3 (N.D. Ga. Mar. 3, 2004) (holding that "the issues raised by *amici* [including joinder] are premature," and "may be resolved in the ordinary course of this litigation if and when such issues are raised by any Defendant") (attached as Exhibit B); Memorandum Opinion and Order, *UMG Recordings v. John Does 1-199*, Civil Action No. 04-0093 (CKK) (D.D.C. March 10, 2004) (Kollar-Kotelly, J.) (holding that "Plaintiffs are correct that *amici* raise issues prematurely," and that "the constitutional and procedural issues identified by *amici* [including joinder] can be resolved in the ordinary course of this litigation at the appropriate time") (attached as Exhibit C). Given the benefits of this

-4-

approach, Plaintiffs respectfully request that this Court reconsider its prior ruling and follow the same course as these other courts.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the motion for reconsideration, vacate its Orders of March 5, 2004 severing the claims against the Doe Defendants, and enter an order granting Plaintiffs' Motion for Leave to Take Immediate Discovery.

Respectfully submitted,

Of counsel:

Donald B. Verrilli, Jr.
Thomas J. Perrelli
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Washington, DC  20005-3823
(202) 639-6000

Vincent V. Carissimi
Barbara L. Delaney
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated:  March 12, 2004

## CERTIFICATE OF SERVICE

I, Vincent V. Carissimi, hereby certify that on March 12, 2004, I caused a true and correct copy of the foregoing Motion for Reconsideration to be served by depositing the same in the United States Mail, First Class, postage prepaid, addressed to:

Malia N. Brink, Esquire
ACLU of Pennsylvania
125 So. 9th Street, Suite 701
Philadelphia, PA  19107

Kenneth A. Murphy, Esquire
Miller Alfano & Raspanti, P.C.
1818 Market Street, Suite 3402
Philadelphia, PA 19103

Vincent V. Carissimi

# E X H I B I T   "A"

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAR 0 1 2004

LUTHER D. THOMAS, Clerk
By: _Sue Coalson_
Deputy Clerk

MOTOWN RECORD COMPANY, L.P., |
a California limited partnership, et al., |
|
    Plaintiffs, | CIVIL ACTION FILE
|
| NO. 1:04-CV-439-WBH
v. |
|
DOES 1-252, |
|
    Defendants. |
|

## ORDER

Before the Court is Plaintiffs' motion for leave to take expedited discovery [3] in which Plaintiffs request Court permission to serve limited, immediate discovery on third party Internet Service Provider ("ISP") Cox Communications ("Cox") to determine the true identities of the Defendants. According to the Complaint, each Defendant used an online media distribution system to download Plaintiffs' copyrighted works, distribute copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it is Cox.[1]

---

[1] On the same day that they filed this action, Plaintiffs filed a nearly identical complaint in this district against unidentified defendants who allegedly used Earthlink as their ISP. See Virgin Records America, Inc., et al. v. Does 1-44, 1:04-CV-0438-CC (N.D. Ga.). Plaintiffs have recently filed similar cases in other parts of the country as well.

In their motion, Plaintiffs ask the Court for permission to serve a Rule 45 subpoena on Cox seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address. Plaintiffs state that if the Court grants their motion, they will serve a subpoena on Cox and give Cox 15 business days to either comply with it or file a motion to quash. Plaintiffs believe that upon receiving the subpoena, Cox will notify its subscribers that this information is being sought, thus providing the individual Defendants with a narrow window of time during which they may move to quash the subpoena.

Public Citizen, the ACLU, and the Electronic Frontier Foundation (collectively "amici") have filed a memorandum as amici curiae addressing this motion.[2]  In their memorandum, amici claim that Plaintiffs have failed to make a showing sufficient to warrant discovery into the identities of persons who have communicated anonymously over the Internet, arguing that the First Amendment right to anonymous speech must be protected. Amici also argue that this case presents significant issues related to personal jurisdiction and joinder. Finally, amici argue that if the Court allows the discovery, the Court should enlarge the period of time during which Cox must respond to the subpoena so that the individual defendants will have a meaningful opportunity to voice their objections, if any, to the subpoena.

---

[2] Plaintiffs take the position that the Court should deny amici's motion to file their memorandum. While the Court is not inclined to follow all the recommendations raised by amici – at least at this point – the Court nevertheless found amici's memorandum helpful and insightful. For that reason, amici's motion for leave to file their memorandum is granted. See DeJulio v. Georgia, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001) (noting that there is no rule governing the filing of an amicus brief in district court and stating that the decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court).

Plaintiffs respond, and the Court agrees, that the issues raised by amici are premature. As Plaintiffs point out, no party to this action has raised any of the issues addressed in amici's memorandum, and it is well established that amici cannot inject issues into a case which have not been raised by a party. See McCleskey v. Zant, 499 U.S. 467, 523 n.10 (1991). The constitutional as well as the procedural issues identified by amici can be resolved in the ordinary course of this litigation at the appropriate time.

In order to get this case moving, Defendants must be identified, and Plaintiffs' request for expedited discovery is reasonably tailored to achieve this goal. The Court agrees with amici, however, that Cox should be given a slightly longer period during which it may respond to the subpoenas.

Accordingly, IT IS HEREBY ORDERED THAT:

Plaintiffs may serve immediate discovery on Cox to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.

The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court;

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint;

If and when Cox is served with a subpoena, within five business days thereof, it shall give notice to the subscribers in question of the subpoena. If Cox and/or any Defendant wishes to move to quash the subpoena, the party must do so before the return date of the subpoena, which will be 25 business days from the date of service;

3

If and when Cox is served with a subpoena, Cox shall preserve the subpoenaed information in question pending resolution of any timely filed motion to quash; and

Counsel for Plaintiffs shall provide a copy of this Order to Cox along with the subpoena.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to take expedited discovery [3] is GRANTED. Amici's motion for leave to file memorandum [5] is GRANTED.

It is so ORDERED this ___ day of March, 2004.

Willis B. Hunt, Jr.
Judge, United States District Court

4

**E X H I B I T   "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 3 _ 2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

VIRGIN RECORDS AMERICA, INC.,
et al.,

        Plaintiffs,

v.

DOES 1 - 44,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.

1:04-CV-0438-CC

## ORDER

Currently pending before the Court is Plaintiffs' Motion for Leave to Take Expedited Discovery. Plaintiffs, record companies who own copyrights in various sound recordings, seek leave of Court to serve limited, immediate discovery on Earthlink, Inc. ("Earthlink"), a third party Internet Service Provider ("ISP"), in order to determine the true identities of the Doe Defendants.

According to Plaintiffs' Complaint, the Doe Defendants used an online media distribution system to download Plaintiffs' copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the Defendants' allegedly infringing activity. Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant, and have determined that the ISP is Earthlink.[1] In their motion for expedited discovery, Plaintiffs ask the Court for permission to serve a Rule 45

---

[1]    Plaintiffs have submitted the declaration of Jonathan Whitehead, Vice President and Counsel for Online Copyright Protection for the Recording Industry Association of America, Inc., in support of their motion for expedited discovery.

subpoena on Earthlink that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

Public Citizen, the American Civil Liberties Union, The Electronic Frontier Foundation, and the ACLU of Georgia (collectively referred to as "*amici*") have moved the Court for leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion for expedited discovery. In their memorandum, *amici* argue that Plaintiffs have not made a sufficient factual showing to warrant discovery into the identities of persons who have communicated anonymously over the Internet, or made a sufficient showing that this Court has personal jurisdiction over each Defendant. In addition, *amici* argue that there are also serious concerns whether all 44 Doe Defendants are properly joined in one action. Lastly, *amici* argue that if the Court does allow some discovery, the Court should enlarge the period of time which Earthlink has to respond so that the individual defendants will have a meaningful opportunity to object to the subpoena if they so choose. Plaintiffs' oppose *amici's* motion, arguing that *amici's* effort to inject themselves into this case is premature.

As an initial matter, *amici's* motion for leave to file their memorandum is GRANTED.[2] However, after consideration of *amici's* brief, the Court agrees with Plaintiffs that the issues raised by *amici* are premature. In this regard, no party to this action has raised any of the issues addressed in *amici's* memorandum, and *amici* may not inject issues into the case which have not been raised by a party. *See* McCleskey v. Zant, 499 U.S. 467, 523 n.10, 111 S.Ct. 1454, 1485 n.10, 113 L.Ed.2d 517 (1991) ("It is well established . . . that this Court will not consider an argument

---

[2]      *See* DeJulio v. Georgia, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (decision to allow a non-party to participate as amicus curiae is solely within the broad discretion of the Court).

advanced by *amicus* when that argument was not raised or passed on below and was not advanced in this Court by the party on whose behalf the argument is being raised."). The issues addressed by *amici* may be resolved in the ordinary course of this litigation if and when such issues are raised by any Defendant.

Turning to Plaintiffs' request for expedited discovery, upon consideration of Plaintiffs' motion and supporting brief, as well as the declaration of Mr. Whitehead, the Court finds that Plaintiffs have established good cause for the expedited discovery they request. Where the Complaint alleges a prima facie case of copyright infringement, and where the lawsuit cannot proceed until Defendants are properly identified, Plaintiffs' motion for limited, immediate discovery in order to identify the Doe Defendants is due to be GRANTED.

ACCORDINGLY, IT IS HEREBY ORDERED:

Plaintiffs may serve immediate discovery upon Earthlink to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

If and when Earthlink is served with a subpoena, within five (5) business days thereof it shall give notice to the subscribers in question of the subpoena. If Earthlink and/or any Defendant wishes to move to quash the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-five (25) days from the date of service.

If and when Earthlink is served with a subpoena, Earthlink shall preserve the

- 3 -

subpoenaed information in question pending resolution of any timely filed motion to quash.

Counsel for Plaintiffs shall provide a copy of this Order to Earthlink when the subpoena is served.

CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to Take Expedited Discovery [2-1] is GRANTED.  *Amici's* Motion for Leave to File Memorandum as Amici Curiae [5-1] is also GRANTED.

SO ORDERED this 3rd day of _____ March _____, 2004.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

- 4 -

# E X H I B I T   "C"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UMG RECORDINGS, *et al.*,

    Plaintiffs,

     v.

JOHN DOES 1-199,

    Defendants.

Civil Action No. 04-093 (CKK)

**ORDER**
(March 10, 2004)

In keeping with the accompanying Memorandum Opinion, it is this 10th day of March, 2004, hereby

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [5] is GRANTED. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint. If and when Verizon is served with a subpoena, Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days. If Verizon and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

ORDERED that Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena; it is further

ORDERED that the Motion of Public Citizen, the American Civil Liberties Union, the Electronic Frontier Foundation and the ACLU of the National Capitol Area to file as *amici curiae* [6] is GRANTED.


March 10, 2004                                  _____/s/_____

                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UMG RECORDINGS, *et al.*,

    Plaintiffs,

       v.

JOHN DOES 1-199,

    Defendants.

Civil Action No. 04-093 (CKK)

## MEMORANDUM OPINION
(March 10, 2004)

Before the Court is Plaintiffs' motion for leave to take expedited discovery. Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement. Plaintiffs request permission to serve limited, immediate discovery on Verizon, a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, address, telephone number, email address, and Media Access Control address.

According to Plaintiffs' complaint, each Defendant uses an online media distribution system to download Plaintiffs' copyrighted works, distribute these works to the public, and/or make copyrighted works available for distribution to others. Pls' Mot. at 2. Although Plaintiffs do not know Defendants names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. *Id.* Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it belongs to Verizon. *Id.*

Public Citizen, the American Civil Liberties Union ("ACLU"), the Electronic Frontier Foundation, and the ACLU of the National Capitol Area have collectively requested leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion. *See Amici* Mot. Plaintiffs oppose this motion, stating that the issues raised by *amici* are premature. Plaintiffs point out that no party has raised the issues *amici* raises in its memorandum, and that it is well established that *amici* cannot inject issues into a case which have yet to be raised by a party. Pls' Opp. to *Amici* Mot. at 1, 5; *see McCleskey v. Zant*, 499 U.S. 467, 523 n.10 (1991). While Plaintiffs are correct that *amici* raise issues prematurely, the constitutional and procedural issues identified by *amici* can be resolved in the ordinary course of this litigation at the appropriate time. Accordingly, the Court shall Grant *amici*'s motion for leave to file.

It is clear to the Court that Defendants must be identified before this suit can progress further. The Court shall grant Plaintiffs' request for expedited discovery, with certain limitations outlined herein. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint.

If and when Verizon is served with a subpoena, Verizon shall give written notice, which may include email notice, to the subscribers in question within five business days. If Verizon

2

and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service.  Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena.

An appropriate Order accompanies this Opinion.

March 10, 2004 _____/s/_____

COLLEEN KOLLAR-KOTELLY
United States District Judge