```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

BMG MUSIC, *et al.*                :         CIVIL ACTION
                                   :
    Plaintiffs                 :         NO.  04-650
                                   :
    v.                         :
                                   :
DOES 1-203,                        :
                                   :
    Defendants.                :

## O R D E R

        AND NOW, this    day of April, 2004, upon consideration of Plaintiffs' Motion for Reconsideration (Doc. 9), it is hereby ORDERED that said Motion is DENIED in part and GRANTED in part. Part 5 of the Court's Order of March 5, 2004, is VACATED. Plaintiffs may, in due course and with all reasonable speed, file complaints and submit filing fees for those Defendants against whom they wish to proceed.

        This Court has ruled, *sua sponte*, that two-hundred and two Defendants in the above-captioned case have been improperly joined pursuant to Fed. R. Civ. Pro. 20 and 21.  Plaintiffs have asked that the Court vacate its earlier Order and refrain from ruling on the issue of joinder until after Plaintiffs are able to ascertain Defendants' identities through discovery.  Defendants' identities are believed to be known by Comcast, a third-party that provides internet access to the Internet Protocol (IP) address range utilized by the Defendants.  Although it would be convenient and economical (for Plaintiffs) to have this Court

preside over Plaintiffs' expedited discovery request, the Court simply cannot overcome its finding that the Defendants are not properly joined parties.[1]  In light of the Court's continuing conviction that joinder is improper, deferring consideration of the joinder issue is inappropriate despite the fact that it would reduce costs for Plaintiffs and mitigate the risk of disparate treatment at the hands of the learned Judges of this District (a risk, the Court notes, that is present in every case that involves developing areas of law).

This Court's Order of March 5, 2004, was entered after inspection of Plaintiffs' Complaint revealed that Plaintiffs are attempting to bring over two-hundred factually distinct actions in one lawsuit.  Each claim involves different property, facts, and defenses.  John Doe 104, for example, is alleged to have infringed nine works held by five Plaintiffs.  John Doe 113 is alleged to have infringed ten works owned by a different (sometimes overlapping) group of Plaintiffs, with only one copyright identical to John Doe 104 ("Guilty Conscience," by the popular rap lyricist Eminem).  John Doe 199, meanwhile, is alleged to have infringed seven works, none of them the same as John Doe 58.  Plaintiffs' Complaint, Exh. A.  In other words, in

---

[1] Even after new complaints are filed, this Court has no mechanism at its immediate disposal to retain authority over all of the cases during discovery; under this District's local rules of civil procedure, the cases against the individual Defendants will not meet the requirements of relatedness.  Loc. R. Civ. Pro. 40.1.

addition to the individual acts of infringement encompassing separate transactions and occurrences, the actual property at issue is different for each Defendant.  Each Defendant will also likely have a different defense.  Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works.  John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.  Given this panoply of facts, law, and defenses, the Court does not see any reason to vacate its March 5, 2004, Order.  Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.  Joinder is improper. Defendants 2 through 203 shall be severed.

      AND IT IS SO ORDERED.

      _____
      Clarence C. Newcomer, S.J.