## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CAPITOL RECORDS, INC., a Delaware :
corporation; SONY MUSIC    : CIVIL ACTION NO. 04-CV-650
ENTERTAINMENT INC., a Delaware :
corporation; ATLANTIC RECORDING :
CORPORATION, a Delaware corporation; :
UMG RECORDINGS, INC., a Delaware :
corporation; and ARISTA RECORDS, :
INC., a Delaware corporation,   :
            :
   Plaintiffs,     :
            :
  v.         :
            :
JOHN DOE,       :
            :
   Defendant.    :
            :

## FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331

(federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. §

1400(a). Although the true identity of Defendant is unknown to Plaintiffs at this time, on

information and belief, Defendant may be found in this District and/or a substantial part of the

acts of infringement complained of herein occurred in this District. On information and belief,

personal jurisdiction in this District is proper because Defendant, without consent or permission

of the copyright owner, disseminated over the Internet copyrighted works owned and/or

controlled by the Plaintiffs.  On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one.  In addition, Defendant contracted with an Internet Service Provider ("ISP") found in this District to provide Defendant with the access to the Internet which facilitated Defendant's infringing activities.

## PARTIES

4.      Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5.      Plaintiff Sony Music Entertainment Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6.      Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

7.      Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

8.      Plaintiff Arista Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9.      The true name and capacity of Defendant is unknown to Plaintiffs at this time.

Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to him or

her by his or her ISP on the date and time at which the infringing activity of Defendant was

observed (IP address/date/time: 68.39.180.247 2003-12-06 13:47:41 (EST)).  Plaintiffs believe

that information obtained in discovery will lead to the identification of Defendant's true name.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

10.     Plaintiffs incorporate herein by this reference each and every allegation contained

in each paragraph above.

11.     Plaintiffs are, and at all relevant times have been, the copyright owners or

licensees of exclusive rights under United States copyright law with respect to certain

copyrighted sound recordings, including, but not limited to, all of the copyrighted sound

recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings

shall be identified as the "Copyrighted Recordings").  Each of the Copyrighted Recordings is the

subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to

each Plaintiff as specified on Exhibit A.

12.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are

the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted

Recordings to the public.

3

13.     Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download, distribute to the public, and/or make available for distribution to others, certain of the Copyrighted Recordings. Exhibit A identifies a list of copyrighted recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (Exhibit B contains a more complete listing of files Defendant has made available for distribution to the public. In addition to the sound recordings listed on Exhibit A, many of the other sound recordings listed on Exhibit B are owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels. Plaintiffs are informed and believe that virtually all of the sound recordings listed on Exhibit B have been downloaded, distributed and/or offered for distribution without permission of the respective copyright holders.)

14.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

15.     As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against Defendant for each infringement by the Defendant of each copyrighted recording. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

16.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17

4

U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiffs' copyrights, and ordering that each Defendant destroy all copies of copyrighted sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.    For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

5

2.      For statutory damages for each infringement of each Copyrighted

Recording pursuant to 17 U.S.C. § 504.

3.      For Plaintiffs' costs in this action.

4.      For Plaintiffs' reasonable attorneys' fees incurred herein.

5.      For such other and further relief as the Court may deem just and proper.

/s/ Vincent V. Carissimi
_____
Vincent V. Carissimi (No. 42227)
Barbara L. Delaney (No. 86160)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103

Dated:  July 1, 2004

Attorneys for Plaintiffs